Becca Kersh from the Public Defender's Office on behalf of Mr. Cravens this morning. This is an appeal from a denial of Mr. Cravens' 2255 motion to vacate his sentence. He was convicted of two counts of being a felon in possession of a firearm, received concurrent sentences of 120 months and 216 months, with concurrent sentences of three years and five years supervised release. Mr. Cravens contends that he is not properly sentenced under the Armed Career Criminal Act, or ACCA, because he does not have three qualifying predicate offenses. The offenses relied upon by the PSR are Missouri burglary, Illinois burglary, and assault of a law enforcement officer. He concedes that the assault would be an ACCA predicate. He contends that neither the Missouri nor the Illinois burglary could be ACCA predicates. I do want to mention just briefly, there are two other offenses. And in the government's brief at page ten, footnote eight, it says that Mr. Craven's juvenile adjudication for forcible rape would count as an ACCA predicate. I disagree with that. A juvenile adjudication can count as a conviction, but it must involve the use of a firearm, knife, or destructive device. That's the language contained in 924E2 subsection B of the statute. So our contention is the forcible rape could not qualify as an ACCA offense. The government concedes, and we agree with this concession, that his domestic assault conviction would not qualify as an ACCA offense. That conviction was in 2010. The offense conduct for the two felon in possession counts were in 2009, so the only three prior convictions at issue here are the two burglary offenses and the assault of a law enforcement officer. Now the government concedes that Illinois burglary is not an ACCA offense. I think the government is correct in that assertion. I just want to point the court to one recent case decided in September of 2017, United States versus Bias, that's B-Y-A-S. Says that Illinois burglary is not an ACCA predicate. The burglary statute is too over broad, although it includes the term building. It is so broadly defined that it includes trailers, phone booths, car washes, tents, and chicken houses. So that just simply isn't going to be within the scope of generic burglary. I filed a Rule 28J letter on the Bias case and provided the citation there. Thank you, counsel. Your time is so short. What about the Oaton-Sunbear argument? Let's get to that. There's two distinguishing factors of those two cases. One, yes, the court, if resentenced, the district court could impose a sentence of 216 months if it runs the two counts consecutively. It could not, however, reimpose the five year term of supervised release. The felon in possession count is a C felony, would carry a maximum of three years supervised release. And I believe under section 3624E, those terms would have to run concurrently. So although it can get to 216, it can't get to the five years on the supervised release. More importantly, though, those cases are really about what claims are cognizable under 2255 motions. And you essentially have three choices. You must have a constitutional claim, a claim that the district court was without jurisdiction to impose the sentence, or that your sentence is illegal, and that has a specific meaning, that it must exceed the maximum authorized sentence by law. The defendants in Olten and Sunbear did not allege that their sentences violated the Constitution. Olten was also a felon in possession case under ACCA, but he raised a decamp claim. He was claiming that his prior convictions were- Why does it matter if it's in excess of the statutory maximum? Why does it matter whether it's because of a statutory error or a constitutional error? Well, because the defendants in Olten and Sunbear, they did not have a constitutional basis for their claims. The only way they could get 2255 relief was if their sentences actually were in excess of the maximum. Mr. Cravens, on the other hand, has a cognizable constitutional claim based on Johnson. The residual clause being void for vagueness and therefore in violation of due process of law. The defendants in Olten and Sunbear, on the other hand, the only way their claims can be cognizable is if they exceed the maximum authorized by law. They did not have jurisdictional claims, they did not have constitutional claims. Because DeCamp, in Olten's case, and Begay, in Sunbear's case- So you're saying cognizability recognizes a constitutional claim independent of the excess of the maximum problem? Yes. But isn't a sentence that's in excess of the maximum allowable statutory provision? Isn't that a due process violation? I think it would be. And another point about Olten is it's an unpublished opinion. I don't know that there's subsequent Eighth Circuit authority applying Olten. So the sentence of 216 months on count two of his indictment clearly exceeds the 120 month maximum. So you think it should go back for the judge to decide again whether the judge would, in fact, wish to impose 216, and if so, then the judge could run the two consecutive? If he chose to, and if that was substantively reasonable. And I think that it should, because in the judge's 2255 order, he wrote that if the Illinois burglary does not count, and he assumed that Missouri burglary did not count. He said, if that does not count, Mr. Craven's warrants relief. He did not say, this is the same judge at both sentencing and in the 2255. He did not say, in the 2255 order, I would reach the same result. Even if this Illinois burglary, even if he's not a career offender under ACA, I would reach the same result. Nowhere did he say that. He also didn't say it at sentencing. Now, I do agree with the government. He made some comments that the court had to impose a fairly lengthy sentence to protect the public for Mr. Craven's. He said that Mr. Craven's wasn't going to like the sentence. It would be fairly stiff. But there's no indication that he would automatically go back to 216 months. Was the 216 a guideline range sentence based on the armed criminal guideline? As my recollection. Yes, your honor. Excuse me. You're saying the advisory range would be less than 216 without the ACCA? Yes. So he'd have to do an upward variance or departure to get to 216 and you're saying it's not clear. He would, that is correct. Because with the ACCA he was 188 to 235. Now it only comes down one offense level. Without ACCA he's 168 to 210. So originally the judge imposed a mid-range sentence. If he would do so, and of course technically the guideline range goes down to 120 because that's the maximum. But if you add up all of the enhancements and do the analysis, you get 168 to 210. So if he would again impose a mid-term sentence, that would be roughly 189 months. Which is a little over two years off of my client's term of imprisonment. And then it would be two years less on the supervised release. So it is injurious. There is prejudice to Mr. Craven's. It's not a whole lot of time that's different, but two years is significant. Do you wish to save any time for rebuttal? I do, thank you. All right, very well. We'll hear from Mr. Garrison. May it please the court. Good morning. Good morning, thank you, your honor. Although the United States agrees that in light of Johnson and subsequent case law that the Armed Career Criminal Act should not have been applied to Mr. Craven's sentence. It does not follow that Mr. Craven's is necessarily entitled to be resentenced under section 2255. This case is procedurally, virtually identical to the facts in Olten. In as much as we have a defendant who was deemed to be an armed career criminal based upon two burglary convictions that in light of subsequent authoritative case law were no longer held to be ACA predicates. It's also similar in that the sentence that was imposed in the aggregate was in excess of the ten year statutory maximum sentence that would ordinarily apply to a felon in possession conviction. If I could quote just one sentence from that Olten. All right. Go ahead. You know, Olten's unpublished, so you're going to have to argue persuasiveness, not binding precedent. Yes, sir. Thank you. But the Olten panel concluded that, and I quote, even though Olten's prior California burglary conviction should not have been used to enhance his sentence under the ACCA and the 235 month prison term on the felon in possession count alone exceeded the ten year statutory maximum for that count, the same 235 month sentence could be reimposed where Olten granted the 2255 relief he requests by imposing consecutive terms of imprisonment for the two counts of conviction under 18 USC section 3584. I think everybody understands the judge could redo the same sentence. The question is whether this man's entitled to relief. Yes, sir. And then a decision on whether to do that. And the reason I brought that particular sentence out is because of the reference to section 3584. And both section 3584 and guidelines section 5G1.2 direct a sentencing court to first calculate the total sentence. And then in a case where, as here, we have multiple counts of conviction after Johnson, two felon in possession counts. Those counts should be run consecutively or partially consecutively in order to achieve the total sentence. In this particular case, Judge Kays, after examining the 3553 factors, concluded that 216 months was the appropriate sentence to achieve the goals of sentencing under 3553. He focused very heavily on the 3553 factors and virtually not at all on the guideline range. And if I could direct the court's attention to one number in particular, and that's 210 months. That is the upper guideline range of what the parties now agree should be the applicable range of 168 to 210 months. There is a large deal of overlap between the guideline range- Who's going to serve the extra six months? I'm sorry? There's a large degree of overlap, but somebody's got to serve the six months. Yes, your honor. But my point is that that 210 month figure was within the guideline range as determined at the sentencing hearing. If Judge Kays had believed that 210 months was an appropriate sentence on these particular facts, it also was within the guideline range, and so there's nothing in the sentencing transcript and in the record of sentencing to suggest that he would do anything different if this case were remanded. Let me ask you about the sentence that Ms. Kurtz talked about in this very order that's being appealed from. Judge Kays says plainly, without the Illinois burglary conviction as a third ACCA predicate comma, Cravens was improperly sentenced and merits relief. Seems to me he's saying you might give him a different sentence. I think that there was, and at first, bless your honor, I think that is understandable. The difference between a run of the mill felon in possession case and an armed career criminal case is significant because you go from a ten year ceiling to a 15 year floor. And so there are vastly different sentencing ranges. But if you look at not just what Judge Kays stated in his 2255 order and compare that to what he said at the sentencing hearing, it's very clear that he thought a lengthy sentence was necessary to achieve the goals of sentencing. And again, he focused exclusively on the 3553 factors, not the guidelines. Well, he was compelled by 3584 to focus on the 3553 factors. It's what the statute says. And so, of course, he did exactly what he was directed to do. And there's a difference between what might be 210 or 185 and 216. Someone serves those days and there doesn't seem to be anything very plain in what Judge Kays was saying. That it wouldn't have made any difference and he had every opportunity to say that. As your honor knows, the guidelines are advisory. They were clearly before him and we're talking about a difference between a one level difference in the guidelines. The shift post Johnson took the sentence that Judge Kays imposed from the middle of one guideline range to just beyond the upper bound of the guideline range as they have been recalculated. So you think it comes down to whether we think the judge would have imposed 216 even without the ACCA? You think that's the proper analysis? Not what Olten says about how you just look at whether he could have done the same thing anyway? You seem to be focused a lot on whether he would have done the same thing anyway. Well, and I think what Sun Bear established is that we don't remand for resentencing every case in which things have changed since the original sentencing. That this, the- You're not really answering the question. I'm sorry. I'm trying to get at whether you're saying the proper analysis for us is to look at whether the judge would have done the same thing anyway or only whether he could have done the same thing anyway, sort of a basic point in this case. So where the focus should be. Yes, sir, and I think- Have you thought about that? I have, and I think it is a fact-specific analysis. And forgive me if I am not answering your question. Well, if you don't have an answer, that's one thing. You can't answer it if you don't have an answer. But I just wanted to make sure you were focused on- Yes, sir, thank you. Distinction. Well, and see if you could give us any help. Although Olten, as you say, as you point out, is an unpublished opinion. Sun Bear, if I could find the precise language, makes clear that the 2255 remedy does not encompass all claimed errors in conviction and sentencing. So if we are to say that a 216 month sentence is in error, I would submit that it's not. It is simply in excess of the recalculated guideline. Is this the type of case that is required to be remanded? Well, what about the fact that it's a constitutional error here? Sun Bear said that case didn't involve a jurisdictional or constitutional error, and therefore we were in this severely limited area that required a miscarriage of justice. And Ms. Kearse says, yes, but here we have a constitutional error under Johnson. Doesn't that broaden the availability of relief? Do you have a view on that? But Sun Bear still states that even if his sentence had been improperly enhanced, which I think is the assertion here, that the sentence imposed was still within the statutory maximum allowed. Judge Case could have imposed up to a 240 month sentence had he stacked both of those sentences consecutively. So it's not accurate to say that this is an illegal sentence. There's no concurrent or consecutive issue in Sun Bear, though, right? Sun Bear's talking about one offense and whether one offense is within the statutory maximum. Am I reading it right? I believe that's correct, Your Honor. But I think the reasoning in Olten is very persuasive in this circumstance. The full panoply of, or the full range of sentencing was available to Judge Case. He was very articulate in the record that he made as to why the history, or the nature and circumstances of the offense, the history and characteristics of this particular defendant, including his violent nature. And I see my time is up, if I could just finish that, my one thought here. The driving force of that sentence was to protect the public from Mr. Cravens. And that's further evidenced by the fact that Judge Case imposed the maximum sentence, or the maximum term of supervised release that he thought was available. We agree that should be ordered, corrected to no more than three years. But that runs consecutive with the original term of supervised release. All right, well, thank you for your argument. Thank you. Will he rebuttal? Yes, I just wanted to point out that in Sun Bear it was a single count. Murder in the second degree was the conviction. In that case, his 360 month term would fall within the guideline range even if ACCA was not applied, or career offender, excuse me, he was guidelines. So either way, he fell within the guideline range, or he fell within the range permitted by 4B1.2. But the next sentence does say in Sun Bear, it could be reimposed. The defendant's 360 could be reimposed. And of course, you're aware of Judge Kelly's concurrence in Olton, which, boy, he says this is almost a could be standard. Mm-hm, and I believe, see, one thing, Olton is premised on a case called Diaz. Diaz was pre-Booker. Yeah, that was an apprendi problem. Mm-hm, and it was saying that under 5G1.2, I believe that the court had to impose, and because it was pre-Booker, 5G1.2 was controlling. So that's not a could have situation, that was a would have, or must be the same sentence. Thank you. Thank you for your argument. Appreciate the arguments from both counsel. The case is submitted, and the court will file an opinion in due course. Please call the.